# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 00-1140

KENNETH P. PHOENIX,

Petitioner, Appellant,

v.

JAMES MATESANZ,

Respondent, Appellee.

ERRATA SHEET

The opinion of this Court issued on December 1, 2000, is amended as follows:

On p. 10, line 29 through p. 11, line 23, should read:

"Phoenix v. Commonwealth, No. SJ-96-0571, at 4-5 (SJC Memorandum, Fried, J., May 8, 1997).

The strategy to which Justice Fried referred was described in the prior decision of the full SJC, see Commonwealth v. Phoenix, 409 Mass. 408, 421 n.8 (1991), as well as in a subsequent Superior Court decision refusing to grant an evidentiary hearing on the issue, see Commonwealth v. Phoenix, No. 87-068, at 6-7 (Superior Court Memorandum, Moriarty, J., March 18, 1996) [hereinafter Phoenix, March 18 Memorandum]. In denying leave to admit into the record on direct appeal the Wraxall affidavit, the SJC referred to defendant's arguments that he did not have Wraxall testify because of the expense and because of his belief that Schanfield's testimony would expose the unreliability of the critical test. The SJC concluded that "[t]hese considerations were purely ones of trial strategy, and, therefore, there is no reason to permit the filing of the affidavit." Phoenix, 409 Mass. at 421 n.8. Similarly, although Judge Moriarty formally relied on waiver in denying defendant's request for an

evidentiary hearing on ineffective assistance, he made it quite clear that he did not think the failure to call Wraxall was ineffective assistance, and, more generally, he praised trial counsel's performance in general and at the trial. <u>Phoenix</u>, March 18 Memorandum, at 7.

As for the fingerprint evidence, Judge Moriarty plainly found that the failure to call MacDonell was a strategic one. <u>See</u> <u>Phoenix</u>, March 18 Memorandum, at 8 ("[Bennett] made a tactical decision - and probably a wise one.").

Hence, we must assess whether the respective state court applications of <u>Strickland</u> to these ineffective assistance claims was in fact objectively unreasonable. We make this assessment ..."

On p. 14, lines 14-21, should read:

"We also cannot conclude that Bennett's failure to send MacDonnell additional photographs for review during and after trial constituted ineffective assistance of counsel. Although it turned out that MacDonnell's opinion of the additional photographs would probably have been helpful at trial, Bennett's choice not to pursue further investigation on this front was a reasonable one at trial. MacDonnell's partially provided expert opinion had lowered Bennett's expectations and Bennett had adequately cross-examined ..."

On p. 17, lines 12-19, should read:

"defense witness). Upon consideration of the record and Wraxall's affidavit, we agree with the district court's determination that Bennett's action was within the bounds of permissible strategic choice. Given this independent assessment, we cannot say that the same conclusion by the state court was objectively unreasonable, even if it may not have satisfied the formal requirements of a <u>Strickland</u> analysis. Thus we may not grant a writ of habeas corpus on this basis."

On p. 18, lines 21-24, should read:

"The district court thoroughly and carefully considered Phoenix's claim of ineffective assistance of counsel. We agree with its analysis and conclusion, and therefore affirm the denial of the writ of habeas corpus."